CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 27 2010

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNIE LEE JUSTICE, <br> Plaintiff, | Civil Action No. 7:10cv00449 |
| v. | MEMORANDUM OPINION |
| T. LOWE, et al., <br> Defendants. | By: Samuel G. Wilson <br> United States District Judge |

Plaintiff Johnnie Lee Justice, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Justice alleges that he was denied due process at a disciplinary hearing on his charge of "refusing to work." As relief, Justice seeks $30,000 in damages as well as various declaratory and injunctive relief.[1] The court finds that Justice has failed to state a claim upon which the court may grant relief and, therefore, dismisses his action without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

After a disciplinary hearing, Justice was found guilty of "refusing to work." Justice argues that he was denied due process at his hearing and on appeal because the evidence presented at the hearing was insufficient to support his conviction and because the Hearings Officer did not provide an adequate written disposition explaining why Justice was found guilty. Justice also argues that he was denied due process in his appeals because the Warden upheld the finding of guilt. As a penalty for his conviction, Justice received a $5.00 fine. After his conviction, but not as a penalty of his

---

[1] Specifically, Justice asks for a declaration that the disciplinary charge was false and his conviction was unlawful, that the institution failed to follow it's own regulations, and that the evidence against him was constitutionally insufficient. He also requests an injunction expunging his disciplinary record.

conviction, Justice lost his job as a kitchen worker.[2]

## II.

Justice alleges that he was denied due process at his disciplinary hearing and on appeal and requests damages as well as injunctive and declaratory relief. However, Justice's claims for relief are not currently cognizable under § 1983 because his conviction has not been invalidated. Accordingly, the court dismisses his complaint.

Justice alleges that his due process rights were violated in connection with his disciplinary conviction and appeal. However, any allegations concerning his disciplinary proceedings and the outcome of those proceedings are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997) (Heck precludes § 1983 claim in prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits); see also Kerr v. Orellana, 969 F.Supp. 357 (E.D.Va.1997) (holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under Heck). Justice has not shown he successfully attacked his disciplinary hearing conviction. Therefore, Justice cannot maintain a § 1983 action if a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding. Here, the awarding of damages and/or injunctive and declaratory relief to Justice would necessarily imply the invalidity of the outcome of his disciplinary hearing and, thus, his claim is barred under

---

[2] Although he does not directly raise this as part of his due process claim, in an abundance of caution, the court notes that Justice has no protected interest in maintaining his job as a kitchen worker. See Altizer v. Paderick, 569 F.2d 812 (4th Cir.1978) (custody classifications and work assignments are generally within the discretion of the prison administrator); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) ("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause."); Alley v. Angelone, 962 F. Supp. 827, 834 (E.D.Va. 1997) (prisoner did not have a protected interest in continued employment because lack of employment was clearly within the range of confinement which could be expected by most inmates).

Heck and Balisok. Accordingly, the court dismisses his due process claim.

### III.

For the reasons stated, the court finds that Justice has not stated a claim on which relief can be granted, and therefore, dismisses Justice's complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 27th day of October, 2010.

United States District Judge